UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR JOHNSON,<br><br>    Plaintiff,<br><br>  v.<br><br>ROB BONTA, et al.,<br><br>    Defendants. | Case No. 23-cv-06653-VC<br><br>**ORDER DENYING MOTION TO DISMISS HABEAS PETITION**<br><br>Re: Dkt. No. 10 |

  The government's motion to dismiss Johnson's petition for a writ of habeas corpus is denied.

  *Timeliness*. The government first contends that Johnson's petition is untimely. Johnson is seeking review of a June 2021 order denying his request to be immediately released into the community as a transient, or alternatively to be granted unconditional discharge. Johnson appealed and the state supreme court eventually denied his appeal in September 2022. Because Johnson did not file this petition until December 2023, the government argues it is two months past the one-year statute of limitations deadline. 28 U.S.C. § 2244(d)(1). However, as Johnson points out, the tolling period includes the period in which a petitioner may seek review from the United States Supreme Court. *See Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001). Because Johnson had 90 days from September 28, 2022, to file a petition of certiorari to the United States Supreme Court, the one-year clock did not begin to run until December 28, 2022, thus making his petition to this Court timely.

  In its brief, the government tries to argue that the June 2021 order is improper for calculating the statute of limitations because it is not a "judgment pursuant to which the

petitioner is being held." *Smith v. Williams*, 871 F.3d 684, 687 (9th Cir. 2017). Instead, the government argues, the judgment upon which Johnson is being held is the order finding Johnson suitable for conditional release, filed in August 2018. But it cannot be that a petitioner seeking to challenge the delay in his conditional release would have to rely on a judgment issued prior to any actual delay occurring. Here, the June 2021 order kept Johnson "in custody" by denying his request for immediate release as a transient.

*Mootness*. The government also argues Johnson's claim is moot because he was conditionally released into the community nearly two years before he filed this petition. But Johnson is not asking for conditional release; he is asking for the conditions to be lifted. He contends that because the state delayed so long in releasing him, due process now requires that he be granted unconditional release. While it's far from clear that he's entitled to this remedy on the merits, his claim is not moot because the state continues to impose substantial restrictions on his liberty, refusing to grant unconditional release.

The government must file its answer to the petition within 21 days. Any traverse is due 21 days after the answer is filed. A hearing on the petition is set for September 5, 2024, at 10:00am.

**IT IS SO ORDERED.**

Dated: June 13, 2024

_____
VINCE CHHABRIA
United States District Judge