UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR JOHNSON,<br><br>       Plaintiff,<br><br>    v.<br><br>ROB BONTA,<br><br>       Defendant. | Case No. 23-cv-06653-VC<br><br>**ORDER DENYING PETITION FOR HABEAS CORPUS**<br><br>Re: Dkt. No. 1 |

## I.     PROCEDURAL BACKGROUND

On September 13, 2012, a jury adjudged Johnson a sexually violent predator (SVP) under California Welfare and Institutions Code section 6604. He was civilly committed pursuant to that determination.

On August 30, 2018, after Johnson filed a Petition for Conditional Release, the San Mateo County Superior Court ordered Johnson conditionally released. The Superior Court based that order on a finding that Johnson would not be a danger to others while under supervision and treatment in the community. The court ordered a community program to find Johnson a suitable placement in the community.

Johnson was not released immediately after the Superior Court's conditional release order, however, because the community program experienced difficulties finding an appropriate placement. Johnson remained civilly committed during those delays. While Johnson waited to be conditionally released, he filed various memoranda proposing alternative release options. In June 2021, Johnson filed a memorandum arguing that the delays had violated his due process rights and requesting, among other things, unconditional release. After the trial court declined to adopt

Johnson's suggestions, Johnson appealed to the California Court of Appeal.

In October 2021, while that appeal was pending, the community program presented an option for Johnson's conditional release. The Superior Court approved that placement on December 1, 2021. Before the Superior Court ruled on the placement option, and while his merits appeal was still pending, Johnson filed a habeas petition in the California Court of Appeal. After the hearing in which the Superior Court approved that placement, the California Court of Appeal denied Johnson's habeas petition as moot because Johnson was being released from confinement. The California Supreme Court summarily denied review.

Johnson was released to the community on March 22, 2022—over three-and-a-half years after the Superior Court's order first approving his request for conditional release. On July 11, 2022, the California Court of Appeal dismissed Johnson's merits appeal of the Superior Court's order declining to adopt Johnson's suggestions for alternative placements. The court explained that the appeal was moot because Johnson had been placed in the community on conditional release and so the California Court of Appeal could no longer grant any effective relief. In so holding, the court rejected Johnson's argument that he was entitled to unconditional release based on the violation of his due process rights from the delay in his placement. The court explained that Johnson had cited no authority for the argument that a due process violation could be remedied with unconditional release. In support of its holding, the California Court of Appeal pointed to cases explaining that the California statutory scheme allows for only one avenue for unconditional release when the government does not support release: California Welfare and Institutions Code section 6608. The California Supreme Court summarily denied review of that decision as well.

**II.    STANDARD OF REVIEW**

Because the California Supreme Court summarily denied review, this court reviews the California Court of Appeal's decision dismissing Johnson's merits appeal, which is "the last reasoned opinion" adjudicating Johnson's claim. *Kernan v. Hinojosa*, 578 U.S. 412, 414 (2016) (quoting *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)).

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, a district court may not grant habeas relief unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412 (2000). This is a highly deferential standard for evaluating state court rulings: "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

**III.    ANALYSIS**

Johnson asserts that his due process rights were violated by the delay between the Superior Court's order requiring him to be conditionally released and the actual date of his conditional release from civil confinement. In his habeas petition, he argues that because his due process rights were violated, the California Court of Appeal erred by refusing to unconditionally discharge him.

Johnson has failed to demonstrate that the state court's rulings were contrary to, or involved an unreasonable application of, clearly established federal law based on Supreme Court precedent. He provides no support for the assertion that a state court reviewing his petition after he had been conditionally released should have remedied his alleged due process violation by removing the conditions on his release. Johnson cites case law establishing that an SVP may not be continuously confined after a determination that they are no longer dangerous to the community. But that case law does not establish that a delay in release requires *unconditional* release to remedy that violation.

Importantly, Johnson does not allege that he was denied procedural due process as to the fact-finding leading to the state court's decision to provide for conditional release vis-à-vis an

3

unconditional release. Rather, he asserts that the state court erred by not releasing him unconditionally as a remedy for the allegedly unconstitutional delay. Nor does Johnson seek a hearing to determine whether he should be released unconditionally. Instead, Johnson asks this court to order the State to release him unconditionally.

But the process for a court to order unconditional release is one dictated by state law. And while it's not clear that the California Court of Appeal was right to treat the remedy question in Johnson's merits appeal as a mootness issue rather than a merits issue, the Court of Appeal correctly determined that Johnson was not entitled to unconditional release as a matter of state law. The Court of Appeal's decision partly rested on that court's understanding that section 6608 was "the only means of being released from indefinite commitment when the department does not support release." Dkt. No. 20-6 (*People v. Johnson*, A163138 at 2 (Cal. 1st Dist. 2022) (citing *People v. McKee*, 47 Cal.4th 1172, 1187–88 (Cal. 2010)). As the Court of Appeal noted, an SVP can petition for unconditional release under that provision. But for an SVP to be unconditionally released, there must be a finding that the SVP is "no longer a danger to the health and safety of others in that it is not likely that the person will engage in sexually violent criminal behavior." Cal. Wel. & Inst. Code § 6608. No such finding has been made in this case. Nor has Johnson petitioned for unconditional release under the process provided to him by state law via section 6608. So the California Court of Appeal's decision was likely correct as a matter of state law.

### IV.   CONCLUSION

For the reasons stated above, the petition for a writ of habeas corpus is DENIED. A certificate of appealability will not issue. See 28 U.S.C. § 2253(c). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk shall enter judgment in favor of Respondent and close the file.

**IT IS SO ORDERED.**

Dated: October 15, 2024

					_____
					VINCE CHHABRIA
					United States District Judge